## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RONALD LUSK,

       Plaintiff,

vs.                                                                                   No. CV 18-00105 JCH/LF

SECRETARY OF CORRECTIONS
DAVID JABLONSKI,

       Defendant.


## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court under 28 U.S.C. §1915A on the Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Ronald Lusk (Doc. 1). The Court will dismiss the

Complaint for failure to state a claim on which relief can be granted.


### 1.  <u>Factual and Procedural Background</u>

Plaintiff Ronald Lusk is a prisoner in the custody of the New Mexico Department of

Corrections.  (Doc. 1 at 1).  He has several New Mexico criminal  convictions for armed robbery,

sexual exploitation of a child, and possession of a deadly weapon or explosive by a prisoner.  *See*

*State v. Lusk,* No. D-1329-CR-2004-00116; *State v. Lusk,* No. D-202-CR-2009-04761; *State v.*

*Lusk,* No. D-1333-CR-2015-00003.[1]

---

[1] The Court has reviewed the official records in Lusk's state court proceedings through
the New Mexico Supreme Court's Secured Online Public Access (SOPA).  The Court takes
judicial notice of the official New Mexico court records in Lusk's criminal cases. *United States
v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (Court may take judicial notice of publicly
filed records in this and other courts concerning matters that bear directly upon the disposition of
the case);  *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial
notice of state court records available on the world wide web); *Stack v. McCotter,* 2003 WL

Lusk's Complaint alleges that on December 17, 2014, while on parole at La Pasada Alternative Living House, Lusk was taken into custody by a Parole Officer for possession of cocaine and drug paraphernalia and charged with a 4th degree felony. (Doc. 1 at 2). Lusk alleges that the state court found no probable cause and he was "cleared of any wrongdoing." (Doc. 1 at 2). He contends that, even though he was cleared, he is getting 85% good time because the New Mexico Department of Corrections is punishing him for a crime he never committed based on a policy that allows revocation of parole for a disciplinary violation. (Doc. 1 at 2). He asserts First Amendment and double jeopardy rights and asks the Court to change his good time and force Secretary of Corrections Jablonski to change all Corrections Department policy against parole violators. (Doc. 1 at 3-4).

## 2.  Standards for Dismissal for Failure to State a Claim

Plaintiff Lusk is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363,

---

22422416 (10th Cir.2003) (unpublished opinion) (state district court's official docket sheet is subject to judicial notice under Fed. R. Evid. 201).

365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

### 3. <u>Analysis of Plaintiff Lusk's Claims</u>

Plaintiff Lusk's Complaint is brought as a civil rights action under 42 U.S.C. 1983.[2]   (Doc. 1 at 1).  Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006).  Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some

---

[2] Plaintiff Lusk's allegations could be construed as asserting a claim for habeas corpus relief. However, Plaintiff Lusk has filed a habeas corpus proceeding before the Court.  *See Lusk v. Miller,* No. CV 19-01048 WJ/CG.  Therefore, the Court declines to construe the filing as a habeas corpus proceeding and will analyze it as civil rights claim in accordance with Lusk's designation of it as a case under § 1983.

personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

The only defendant named in this case is Secretary of Corrections, David Jablonski. (CV doc. 1). It is unclear from the Complaint whether Plaintiff Lusk is suing Secretary Jablonski in his official or individual capacity. To the extent Lusk sues Jablonski in his official capacity, the claims are barred by 11th Amendment immunity. To the extent Lusk seeks to assert individual claims against Jablonski, the Complaint fails to state a claim for relief.

The New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico, as are the claims against the Secretary of Corrections, Jablonski, in his official capacity. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v.Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir.

2011) (unpublished). Therefore, the official capacity claims against Secretary of Corrections, David Jablonski will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

To the extent Lusk intends to assert claims against Secretary Jablonski in his individual capacity, Lusk's Complaint fails to state a § 1983 claim upon which relief can be granted. Nowhere in his Complaint does Lusk allege any violation of a constitutional right by Secretary Jablonski.  The allegations against Jablonski are that, by virtue of his position as Secretary of Corrections, he is responsible for all Corrections Department policies, including the policy that allows use of prison disciplinary violations even when court charges are dismissed.  (Doc. 1 at 3).

Lusk's Complaint does not identify any other individual defendant. Nor does he allege some personal involvement by any identified official in any alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d at 1162.  Therefore, the Complaint fails to state any § 1983 claim for relief and the Court will dismiss Lusk's claims.  *Ashcroft v. Iqbal,* 556 U.S. at 676.

It is unclear from Lusk's Complaint whether he seeks relief invalidating his sentence. However, to the extent Lusk may seek to invalidate his sentence, any such relief is barred by the *Heck* doctrine.  In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).  *See also Edwards v. Balisok,* 520 U.S.

641 (1997). Any claims by Lusk seeking to invalidate his sentence are barred by *Heck* and, therefore, fail to state a claim upon which relief can be granted under Rule 12(b)(6).

### 4. <u>The Court Will Not Grant Leave to Amend</u>

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court will dismiss Lusk's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Any amendment to Lusk's claims would still be barred under Eleventh Amendment immunity or under the *Heck* doctrine and would be subject to immediate dismissal. Moreover, Lusk may seek the relief he requests in a habeas corpus case. The record reflects that his habeas corpus proceeding in this Court has been dismissed under *Younger* based on pending New Mexico State probation and parole proceedings. *See* No. CV 19-01048 WJ/CG. Once the state court proceedings are concluded, Lusk may again seek habeas corpus relief from this Court. Therefore, the Court will dismiss without leave to amend and without prejudice to any future request for habeas corpus relief by Lusk. *Bradley v. Val-Mejias,* 379 F.3d at 901.

    **IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by

Plaintiff Ronald Lusk (Doc. 1) is **DISMISSED** for failure to state a claim on which relief can be

granted.  This dismissal is without prejudice to a petition for habeas corpus relief by Lusk.


_____
UNITED STATES DISTRICT JUDGE